NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0221n.06

No. 23-3889

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 20, 2024
KELLY L. STEPHENS, Clerk

KRISTIN KINNEY,

    Plaintiff-Appellant

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant-Appellee

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

OPINION

Before:  SUTTON, Chief Judge; WHITE and THAPAR, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.**  Kristin Kinney challenges the denial of her Social Security disability insurance benefits, arguing that the administrative law judge (ALJ) erred in failing to explain the conflict between his residual functional capacity (RFC) finding and a medical source he found persuasive.  The district court found no error in the ALJ's analysis.  We REVERSE.

**I.**

Kinney suffers from chronic pain and other physical impairments, including carpal tunnel syndrome, hip pain, and cervical myeloradiculopathy.  She has also been diagnosed and treated for a range of mental illnesses, including severe depression and anxiety.  Some of her medical issues arose after she was diagnosed with breast cancer in 2013:  she suffers from post-chemotherapy pain and depression.  The administrative record includes a history of mental-health treatment and assessments from several doctors regarding the impact Kinney's impairments have

on her ability to work. In November 2020, Kinney applied for Social Security disability benefits based on these impairments.

The claim was denied, and Kinney requested reconsideration, which was also denied. At the reconsideration level, Kinney's mental health was evaluated by Akanksha Dutt, Psy.D, a state agency psychologist. Dutt offered her opinion on Kinney's mental health and corresponding limitations, concluding that

> Claimant's [Kinney's] psych concerns will interfere with her ability to always be present in the moment. Variability in the claimant's psychological symptoms will impact her ability to complete a normal workday/workweek, but not to the point of causing excessive disruptions. Claimant retains the ability to complete tasks without a sustained production pace or stringent daily quota and in a setting where there is some flexibility as to the scheduling of breaks.

R.5, PageID 146.

Kinney requested a hearing before an ALJ, and the ALJ held a remote hearing. Kinney was represented at the hearing and testified. She answered questions about her living and work arrangements, as well as her heath issues and their impact on work and daily tasks. A vocational expert (VE), Paula Zinsmeister, also testified. The ALJ described a hypothetical individual to the VE:

> [A]n individual of [Kinney's] age, education, and experience, at the residual functional capacity for light work. Can frequently climb ramps and stairs, occasionally climb ladders, ropes, or scaffolds. Frequently stoop, kneel, crouch, and crawl. Avoid concentrated exposure to vibration. Avoid all exposure to unprotected heights, and heavy, moving machinery. No commercial driving. Frequently handle and finger bilaterally. Can understand, remember, and carry out simple instructions. Perform simple, routine, and repetitive tasks, but not at a production rate pace, such as assembly line. Can tolerate few changes in the workplace—in the work setting, defined as routine job duties that remain static, and are performed at a stable, predictable work environment, and can adapt to routine changes in the workplace that are infrequent and easily explained.

*Id.* at PageID 91–92.  In response to that hypothetical, the VE testified that such an individual could work as a cashier, cleaner, or routing clerk, and that there were hundreds of thousands of those jobs in the national economy.

The ALJ and Kinney's attorney asked the VE questions about the impact that taking breaks might have on Kinney's employment.  The VE testified that, if the individual "needed to lay down for two hours a day, beyond normal breaks," he or she would not be able to perform those jobs. *Id.* at PageID 94.  Normal breaks consist of two fifteen-minute breaks and one thirty-minute lunch break.  And responding to a question from Kinney's attorney, the VE agreed that if "an individual would require flexibility, with regards to the time and duration of the lunch and break periods, ability to kind of adjust those to their schedule," that would be "something that would normally require an accommodation by the employer."  *Id.* at PageID 95.

The ALJ issued a written decision finding Kinney not disabled.  At Step One of the five-step analysis ALJs are required to perform in Social Security cases, the ALJ found that, although Kinney had engaged in substantial gainful activity for periods of time during the relevant time period, there was at least a twelve-month period without substantial gainful activity.  At Step Two, the ALJ found that Kinney had several severe impairments:  major depressive disorder, anxiety, attention deficit hyperactivity disorder, polysubstance abuse—alcohol and cocaine, chemotherapy-induced neuropathy, total right hip replacement, and degenerative disc disease from C5-C7.  At Step Three, he determined that Kinney did not have an impairment or combination of impairments that met or medically equaled the severity of any of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.

The ALJ also described two state agency medical consultants' opinions.  Addressing Dutt's opinion, the ALJ said Dutt

> opined that [Kinney] was able to complete tasks without a sustained production pace or stringent daily quota, in a setting where there is some flexibility in scheduling of breaks; could adapt and manage in a structured and predictable work setting, where major changes are explained in advance and she is given time to adjust to new expectations.

*Id.* at PageID 47. The ALJ concluded that both opinions "are generally consistent with and supported by the record as a whole, and are found persuasive." *Id.*

Based on the opinions of the state medical consultants, the ALJ identified an RFC almost identical to the hypothetical individual he described to the VE at the hearing. *Id.* at PageID 40. The ALJ incorporated the limitations recommended by the state medical consultants in the RFC, with the exception of Dutt's opinion that Kinney could work "in a setting where there is some flexibility in scheduling of breaks." *Id.* at PageID 40.

At Step Four, the ALJ determined that Kinney could not perform any of her past relevant work. And at Step Five, he concluded that, "[c]onsidering [Kinney's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform," specifically, cashier, clerk, and routing clerk—the jobs the VE testified the ALJ's hypothetical individual would be able to perform. *Id.* at PageID 48. Accordingly, the ALJ concluded that Kinney was not disabled.

Kinney filed an administrative appeal, which was rejected. She then filed the present action, arguing that the ALJ failed to properly account for Dutt's opinion that Kinney would need a work setting with flexible break scheduling. The magistrate judge rejected her claim, and following Kinney's objections, the district court affirmed the ALJ's decision.

Kinney now appeals.

**II.**

Kinney raises only one issue on appeal: whether the ALJ failed to properly account for Dutt's opinion that Kinney would need to work "in a setting where there is some flexibility as to the scheduling of breaks." R.5, PageID 146.

**A.**

In reviewing decisions by the Commissioner in Social Security disability cases, this court asks only if the Commissioner's decision is supported by substantial evidence and if it was made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence requires 'more than a mere scintilla' but less than a preponderance; substantial evidence is such 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)). But even if the Commissioner's decision may be justified based on the record, we "find a lack of substantial evidence" if the ALJ "fails to follow agency rules and regulations." *Id.*

**B.**

Kinney argues that, having concluded that Dutt's opinion was persuasive, the ALJ was required to either incorporate the "flexible break schedule" limitation into Kinney's RFC or explain its omission. We agree.

An ALJ need not incorporate every limitation from a medical source's recommendation, even if it finds that medical source to be persuasive. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). However, under Social Security Ruling 96-8p, if the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." Here, the ALJ recited the limitations recommended by Dutt, including

that Kinney required a flexible break schedule, and noted that he found those limitations to be "consistent with and supported by the record as a whole" and "persuasive." R.5, PageID 46–47. However, the ALJ—without explanation—then omitted that limitation from his RFC and his hypothetical to the VE. Without any limitation related to flexible break scheduling, the RFC conflicted with Dutt's medical opinion concluding such flexibility would be necessary, and the ALJ was obligated to explain the omission. *See Dunlap v. Comm'r of Soc. Sec.*, No. 20-4179, 2021 WL 5371401, at *7 (6th Cir. Sept. 20, 2021) (order). The failure to either incorporate the limitation or explain its omission was an error.

The Commissioner argues that, even if the ALJ erred in failing to address the conflict between Dutt's opinion and Kinney's RFC, any error was harmless because the ALJ's decision was supported by substantial evidence. But we "find a lack of substantial evidence" if the ALJ "fails to follow agency rules and regulations," *Miller*, 811 F.3d at 833, and the ALJ failed to follow Social Security Ruling 96-8p.[1]

And "[i]n order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). Given the ALJ's finding that Dutt's opinion was persuasive and supported by the record, and his failure to explain why he chose to omit the flexible break limitation from the RFC, there is no way for this court to know if the RFC accurately portrayed Kinney's impairments and whether the VE's opinion reflected her true

---

[1] "Social Security Rulings are interpretations by the Social Security Administration of the Social Security Act that . . . are binding . . . on ALJs when they are adjudicating [Social Security] cases." *Rogers v. Kijakazi*, 62 F.4th 872, 876 n.2 (4th Cir. 2023) (cleaned up); *see also* 20 C.F.R. § 402.35(b)(1). The Commissioner does not argue that SSR 96-8p is inapplicable.

employability. So although the ALJ was not required to incorporate the flexible break scheduling limitation, the failure to do so without explaining its omission warrants reversal.

**III.**

We accordingly REVERSE and REMAND for further proceedings consistent with this opinion.